IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

        Plaintiff,                          CV F 06 0558 AWI WMW   P

   vs.                                 FINDING AND RECOMMENDATION

CCI SHU,

        Defendant.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

      On September 11, 2006, an order was entered, directing Plaintiff to show cause, within thirty days, why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g).  On November 2, 2006 Plaintiff was granted an extension of time to file a response.  Plaintiff has not responded to the order to show cause.

         The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."  28 U.S.C. § 1915(g).

1

1  This plaintiff has, on 3 prior occasions, brought civil actions challenging the
2 conditions of his confinement.  All three action were dismissed as frivolous, or for failure to state
3 a claim upon which relief can be granted.  Weaver v. Pelican Bay State Prison, No. C 04-3077
4 JW (PR) (N.D. Cal May 18, 2005); Weaver v. Nimrod, No. C 04-3154 JW (PR) (N.D. Cal. Dec.
5 14, 2004); Weaver v. Daniel, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005); Weaver v.
6 Pelican Bay State Prison Mail Room, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005); Weaver
7 v. Montiero, et al., No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005).   Plaintiff is therefore
8 not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent
9 danger of serious physical injury.   There are no such facts alleged in this case.
10  In his response to the order to show cause, Plaintiff argues, without merit, that the PLRA
11 is unconstitutional.  Plaintiff also restates the allegations of the complaint.  The allegations
12 consists of vague accusations of conspiracy, and that correctional officials are controlling
13 Plaintiff's mind by devices in the wall of his cell and the ventilation shaft.  Plaintiff has not
14 specifically charged any individual defendant with facts that meet the standard set forth in
15 section 1915(g).
16  Accordingly, IT IS HEREBY RECOMMENDED that:
17  1. Plaintiff's  application to proceed in forma pauperis be denied pursuant to 28 U.S.C. §
18 1915(g).
19  2. Plaintiff be directed to submit, within thirty days of the date of service of this order,
20 the $350 filing fee in full.  Plaintiff's failure to do so will result in dismissal of this action
21 pursuant to Local Rule 11-110 for failure to obey a court order.
22  These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
24 thirty days after being served with these findings and recommendations, Plaintiff may file
25 written objections with the court.  Such a document should be captioned "Objections to
26

1  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
2  objections within the specified time may waive the right to appeal the District Court's order.
3  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  **Dated:    December 18, 2006**               /s/  **William M. Wunderlich**
   mmkd34                                     UNITED STATES MAGISTRATE JUDGE